McFarland, J.,
delivered the opinion of the court:
P. M. Black and wife, Susannah P. Black, on the 8th of May, 1850, made a power of attorney, authorizing John P. Hefner to convey an eighth interest owned by Mrs. Black, in a certain tract of land. Hefner made the conveyance, and received $800, the price for which the land sold. Black died in 1864, and Mrs. Black married W. A. Harris, in I860, and afterwards, at what time does not appear, they bronght an action against Hefner, to recover the money received by him for said land, when, on the 25th of November, 1S73, this bill was filed by Hefner, for a perpetual injunction. The bill charges that the full amount of said amount of money was paid to Black in his lifetime, and, besides, that other sums are due complainant, by account, against said Black, and against Mrs. Black while a widow.
The bill further takes the position that complainant is, in no event, liable to account for the money received, because the sale of the land was void, and passed no title, it having been held that a married woman cannot appoint an attorney in fact to convey in her name. For the purposes of this case, we will assume that the complainant *581 Laying received tlie money on the sale, can make no question as to tlie validity or his liability to account.
We hold that a payment from Hefner to Black, in his lifetime, would be a good payment, although the land belonged to the wife. We have several times held that our statutes in regard to the payment of money due, as proceeds of a wife’s land, apply, only to proceeds arising from sales made by orders or decrees of courts, and not to sales by parties themselves, as such converts the wife’s land into personalty, or a chose due the husband and wife. A payment to the husband would be a reduction to possession, if, indeed, a payment by the, purchaser of the land to the attorney in fact, would not be the same in effect. The answer of the defendant was not on oath, and only made .an issue, the onus being upon complainant. Ho exception was taken in the court below to the competency of either Hefner or Mrs. Harris as witnesses, and none can be taken here, and regarding this testimony as competent, wé must hold, without discussing the facts, that the weight of proof shows that Hefner accounted and paid to Black, in his lifetime, the money received from the sale of the land, and so the chancellor held. His decree will be affirmed, the defendant paying the costs of this court, and the costs of the court [below] will be paid as directed by the chancellor. Affirmed.